# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-09-00113-CV

**In re John Koo Hyun Kim**

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

M E M O R A N D U M   O P I N I O N

Relator John Koo Hyun Kim has filed what we interpret to be a petition for writ of mandamus complaining of the trial court's order declaring him a vexatious litigant.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001-.104 (West 2002). The trial court declared Kim a vexatious litigant in a suit Kim brought against twenty-four individuals related to Kim's church, the Austin Korean Presbyterian Church ("AKPC"), and several local and national Presbyterian Church organizations. Kim complained that the pastor of the AKPC was terminated against the wishes of the congregation and that persons in authority threatened the pastor until he tendered his resignation. Kim demanded that he be paid $10,000,000 in damages, demanded a five-day jury trial to commence

---

[1] Kim entitled his filing a "Notice of Appeal," but he appeals not from later dismissal orders, which dismiss Kim's claims against some of the named defendants, but from the order declaring him a vexatious litigant and, apparently, an order sustaining a contest to his affidavit of indigence. Because Kim has named two trial court judges, members of their staff, and three attorneys for various defendants as his opponents in this matter, we will consider it as a petition for writ of mandamus. *See* Tex. R. App. P. 52.2 ("person against whom relief is sought—whether a judge, court, tribunal, officer, or other person—is the respondent" in mandamus proceeding).

two weeks after his petition was filed, and filed an affidavit of indigence. *See* Tex. R. Civ. P. 145. It appears that only five of the twenty-four named defendants were ever served, and those defendants filed a motion to have Kim declared a vexatious litigant. On March 2, 2009, the trial court signed an order declaring Kim a vexatious litigant, making the required findings under section 11.054 of the civil practice and remedies code, and required him to file $26,000 in security no later than March 16 to avoid having his suit dismissed. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.055, .056. The court further barred Kim from filing any new litigation in any court in Texas without permission by the local administrative judge. *See id*. §§ 11.101, .102. On March 6, the trial court signed a supplemental order stating that Kim's suit related to his church was stayed. Kim has sought review in this Court of the trial court's orders, and, as discussed in our earlier footnote, we will consider his documents as seeking mandamus relief. In his filings, he accuses the trial court of misconduct and states that the court "violated tons of statutes and covered up terrorism from Presbyterian Church (USA)" and "failed to rebut my proof of terrorism." He also states that "crazy, evil, wicked Texas lawyers nearly spat on Travis County Court and made Texas Courts not to review American Presbyterian Church terrorism." He complains that the trial court judge was thirty minutes late to the March 2 docket call and apparently that during that thirty minute delay, another trial court judge presided over her own docket call.

Before declaring someone a vexatious litigant, a trial court must find (i) that there is no reasonably probability that the plaintiff will prevail in the subject lawsuit and (ii) that one of the following is true: (1) in the seven years immediately preceding the motion, the plaintiff has filed at least five pro se lawsuits that have been determined adversely to him, left pending for two years

2

without trial or a hearing, or have been judicially determined to be frivolous or groundless; (2) after a suit was determined against the plaintiff, he has repeatedly relitigated or attempted to relitigate pro se the validity of the initial determination or any of the already determined issues of fact or law against the same defendant; or (3) he has been declared a vexatious litigant by a state or federal court in a suit based on the same or substantially similar facts. *Id.* § 11.054.

The defendants presented proof that Kim had filed at least seventeen pro se suits in the immediately preceding three years and had lost in ten of them; seven were still pending. The defendants pointed out that Kim had appealed all ten suits in which he lost and that this Court had determined eight of them against him, with two appeals still pending.[2] The defendants further asserted that Kim could not prevail in this suit, noting that he lacked standing to recover damages for his pastor's loss of employment, that the pastor voluntarily resigned his post and accepted a severance package, and that Kim had not shown that at least one of the named defendants had any involvement in the AKPC's decision-making or management. Two of the defendants also moved

---

[2]  *See In re Kim*, No. 03-07-00218-CV (mandamus proceedings dismissed upon Kim's clarification that he intended filing to be interpreted as notice of appeal, not petition for writ of mandamus); *In re Kim*, No. 03-07-00219-CV (same); *In re Kim*, No. 03-07-00243-CV (same); *Kim v. State Farm Ins. Co.*, No. 03-07-00224-CV (affirming judgment in appellees' favor); *Kim v. United Cent. Bank*, No. 03-07-00223-CV (interlocutory appeal from order transferring venue to Dallas County; dismissed for want of jurisdiction); *Kim v. Texas Workforce Comm'n*, No. 03-07-00267 (pending); *Kim v. Yeakel*, No. 03-07-00309-CV (stayed due to removal to federal court); *Kim v. Austin Cmty. Coll.*, No. 03-07-00320-CV (interlocutory appeal from granting of continuance and delay of trial setting; dismissed for want of jurisdiction); *Kim v. Walnut Creek Apartment Manager's Supervisors*, No. 03-07-00519-CV (deleting appellate attorney's fee award due to lack of appellate involvement by appellees and affirming modified judgment in appellees' favor); *Kim v. Moon Seok Kim*, No. 03-08-00477-CV (pending).

for sanctions, calling Kim's pleadings "unintelligible" and asserting that Kim lacked standing to assert a claim for wrongful termination on behalf of his pastor.

In response to the vexatious-litigant motion, Kim filed a motion to hold the defendants' attorneys in contempt, calling the motion "junk and trash" and the lawyers "nearly crazy," "nearly evil, wicked and dangerous." Kim then referred to another suit, calling the trial court in that case a "monkey court" that was "horribly broken and wicked" and alleging that the court:

> like American terrorists, like American enemies, without having a trial, dismissed American terrorism to South Korea and dismissed American terrorism to Korean people in Texas and American terrorism to South Korean Government, like the American colonial government in the case . . . in which both South Korea and the United States of America are terrorist countries whose government employees kidnapped a [S]outh Korean citizen as well as a Texas citizen and American permanent resident . . . from Texas to South Korea . . . .

We have reviewed the pleadings Kim filed in this suit, the defendants' motion to have him declared a vexatious litigant, and his filings in this Court, both in this suit and in other cases. Kim has filed numerous lawsuits against a wide range of defendants, apparently turning to the courts whenever a dispute arises and filing nearly incomprehensible complaints against individual defendants, trial courts that rule against him, trial court staff members, attorneys hired to represent those he sues, and various state and federal officials, adding and omitting defendants as the proceedings progress. Attempts by this Court to draw his attention to the rules of appellate procedures and requirements imposed on litigants in the courts of appeals have been to no avail. Further, from what can be deciphered from his pleadings in the underlying suit, Kim lacks standing to assert his complaints and therefore has no reasonable probability of victory. *See Williams v. Lara*,

4

52 S.W.3d 171, 178, 184 (Tex. 2001) (standing is constitutional prerequisite to maintaining suit and controversy must exist between parties at every stage of legal proceedings for plaintiff to have standing); *Rooms With A View, Inc. v. Private Nat'l Mortgage Ass'n*, 7 S.W.3d 840, 847 n.7 (Tex. App.—Austin 1999, pet. denied) (holding that plaintiff lacked standing to raise complaints on behalf of bedridden home owners required to leave homes to sign home improvement contracts); *see also Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) (discussing distinction between standing and capacity; "A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy."). Thus, the trial court did not abuse its discretion in finding that Kim was a vexatious litigant. *See Leonard v. Abbott*, 171 S.W.3d 451, 456-59 (Tex. App.—Austin 2005, pet. denied) (discussing constitutionality of vexatious-litigant statute, determining that trial court decisions are reviewed for abuse of discretion, and reviewing probability that appellant might prevail).

Having determined that the trial court did not err in declaring Kim a vexatious litigant, requiring him to post security to avoid dismissal of his suit, and barring him from filing any other suits in a Texas court without approval, we deny the petition for writ of mandamus.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: June 2, 2009